## CIRCUIT COURT OF FREDERICK COUNTY

Richard Louis Collins

    v.

Vanessa Adcock Collins

May 15, 1989

Case Nos. (Chancery) 88-338 and 88-342

By JUDGE ROBERT K. WOLTZ

The first numbered case is an appeal of a district court order granting custody of the infant child of the parties to the mother and denying to the father the custody of a step-child. The second case is a divorce suit by the father. He prays for divorce on the grounds of adultery, cruelty, and constructive desertion and prays for custody of his natural child. By cross-bill, the mother seeks divorce on the ground of reasonable apprehension of bodily harm and prays for custody of the natural child.

No review of the evidence which was taken *ore tenus* in two very long days of testimony will be made. Decision on the issues are as follows.

Based on clear and convincing evidence and corroboration of all jurisdictional factors, divorce is granted to the father on the grounds of adultery. The prayer for divorce by the mother is denied. Custody of Victoria, born April 22, 1988, the natural child of both parties, is awarded to the father. Custody of his step-child, Vanna, born January 19, 1987, is denied to the complainant step-father and continued in her mother, the defendant.

The principal is now settled beyond peradventure that as between parents, the award of custody to one of them is decided by what is for the best interests and welfare of the child. The mother in this case has generally looked after the physical needs and welfare of the child in an acceptable manner and has been her chief caretaker. The only shortcoming in these regards is that she has at times left the children unattended for up to three or four hours, but in those instances, she has been visiting neighbors and was relatively close to home.

The moral standards of the mother, however, leave much to be desired. Her older child is illegitimate, and she made sexual approaches toward that child's father even after being married to the complainant. Her regard for the truth is in serious question, and her reputation in this regard is poor. She was not above removing posted subpoenas from the doors of neighbors at the time of the custody proceeding in the district court and has been convicted for these actions. After locking the father out of the house resulting in permanent separation, she took up with another man. The order of the district court expressly conditioned her custody of the child on her not cohabiting with this particular individual or any other male. Despite this, she continued and continues to flout this judicial provision which indicates an intent on her part to do as she wishes even at the risk of losing her child. She is socially and morally irresponsible.

The father on the other hand, while not the principal caretaker, did participate in such undertakings. In addition, he resides with his parents and a younger sister. He and they are devoted to the child, and in the exercise of his visitation rights, he is her principal caretaker. That home and its oral environment is far superior to what the mother offers, and the grandmother and aunt are at a minimum well capable of tending to the physical needs of the child while the father is at work. While this child is of very tender years, the court is satisfied that her best interests and overall welfare necessitate award of custody to the father.

This award of custody to the father while allowing custody of his step-child to remain with the mother may seem anomalous. This anomaly is undercut, however, when the different legal principles involved are considered.

As to custody between separated but undivorced parents, there is "no presumption or inference in law in favor if either," § 31-15, and that was their status at the time to which this rule applies. As to the older child, the dispute is between parent and nonparent. In those cases as well, "the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute." *Bailes v. Sours*, 231 Va. 96, 99 (1986), quoting *Walker v. Brooks*, 203 Va. 417, 421 (1962). Nevertheless, "as between a natural parent and a third party, the rights of the parent are, if at all possible, to be respected, such rights being founded upon natural justice and wisdom and being essential to the peace, order, virtue, and happiness of society." *Id.*, again quoting *Walker*.

There is a presumption that a child's best interests are served by its custody resting in its parent. *Judd v. Van Horn*, 195 Va. 988, 996 (1954), also cited and quoted by *Bailes*.

*Bailes* is also authority for the fact that this presumption in favor of a parent as against a third party is a strong one, and rebutting it requires establishment of certain factors by clear and convincing evidence. Among those factors, there is no evidence that the defendant mother has been divested of custody by a previous order, that she has voluntarily relinquished custody, or that she has abandoned the child. Nor are there in this case the special facts and circumstances of an extraordinary nature, on which the *Bailes* decision was based.

That leaves parental unfitness as the final factor which may rebut the strong presumption. Based on the matters touched upon above in this opinion, there is some degree of parental unfitness demonstrated in this case. While that degree of unfitness, together with other factors, was sufficient to require award of custody to the father where no presumption existed in favor of either of the parents, the court cannot find that her unfitness has reached such egregiousness as to overcome clearly and convincingly the strong presumption favoring this mother as custodian over the claims of a nonparent.

Visiting of the mother is suggested to be at reasonable times and places considering the welfare of the child. Visitations by the father seem to have run smoothly under

the provisions of the district court order. Perhaps nothing other than provision for reasonable visitation is necessary, but if counsel and their clients feel something more specific should be had, perhaps they can agree on the terms, and if not improvident, the court would approve such specifications. In default of all of which, the court will specify visitation privileges. The parties' residence now being disposed of and they apparently being possessed of very little other property, perhaps equitable distribution will no longer be an issue. Consideration of the mother's claim for counsel fee will be deferred until such time as final decree is entered.

In making decision as to custody of the respective children, serious consideration was give to the effect of separating the children between two households, especially in view of the evidence indicating that the older child, while less than two and one half years old, appears to have a close and loving relationship with her little sister. This is a regrettable result of the decision made, but under the law and the evidence, an unavoidable one. Hopefully, the parties will be able under the new circumstances to see that the sisterly relationship is nurtured and promoted.